## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

```
_____
                                    :
VICTOR DELGADO,                     :
                                    :        Civil Action No.
                Petitioner,         :        10-3661 (RMB)
                                    :
          v.                        :        MEMORANDUM OPINION
                                    :        AND ORDER
DONNA ZICKEFOOSE,                   :
                                    :
                Respondent.         :
_____:
```

This matter is before the Court upon Petitioner's submission of application seeking habeas corpus relief ("Petition"), and it appearing that:

1.  The Petition was executed pursuant to 28 U.S.C. § 2241. See Docket Entry No. 1. However, the Petition, in no ambiguous terms, challenges the sentence imposed by the federal court presiding over Petitioner's criminal prosecution. See id. at 2 and generally (asserting that Petitioner's federal sentencing court erred by enhancing his sentence). The Petition clarifies that Petitioner's federal sentencing court was the United States District Court for the Northern District of Iowa, see id. at 2, and that Petitioner sought sentence reduction from that court, although he utilized means other than Section 2255 motion. See id.

2.  Petitioner is under the mistaken impression that his

application is properly filed with this Court under Section 2241. This Court is without jurisdiction under § 2241 to entertain the Petition. A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.), cert. denied, 490 U.S. 1025 (1985).

3.   Section 2241 of Title 28 of the United States Code provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3). As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the

sentencing court.[1]   See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the

---

[1]

The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

legality of the petitioner's detention.[2]   See 28 U.S.C. §

2255. Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus
> [pursuant to 28 U.S.C. § 2241] in behalf of a
> prisoner who is authorized to apply for relief by
> motion pursuant to this section, shall not be
> entertained if it appears that the applicant has
> failed to apply for relief, by motion, to the court
> which sentenced him, or that such court has denied
> him relief, unless it also appears that the remedy
> by motion is inadequate or ineffective to test the
> legality of his detention.

28 U.S.C. § 2255; see Cradle v. Miner, 290 F.3d 536 (3d Cir.

2002); In re Dorsainvil, 119 F.3d at 251. A § 2255 motion is

inadequate or ineffective, authorizing resort to § 2241, "only

where the petitioner demonstrates that some limitation of

scope or procedure would prevent a § 2255 proceeding from

affording him a full hearing and adjudication of his wrongful

detention claim." Cradle, 290 F.3d at 538. "It is the

inefficacy of the remedy, not the personal inability to use

it, that is determinative." Id. (emphasis supplied). Indeed,

"Section 2255 is not 'inadequate or ineffective' merely

because the sentencing court does not grant relief, the

one-year statute of limitations has expired, or the petitioner

---

[2]
The "inadequate or ineffective" language was necessary because
the Supreme Court held that "the substitution of a collateral
remedy which is neither inadequate nor ineffective to test the
legality of a person's detention does not constitute a suspension
of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372,
381 (1977).

is unable to meet the stringent gatekeeping requirements of the amended § 2255.   The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.[3]

4.   Here, Petitioner does not assert any grounds as to why Section 2255 would be "inadequate or ineffective" remedy to address his challenges to his federal sentence.   All he asserts is that his federal sentence was erroneously enhanced.   This Court, however, has no jurisdiction to second guess the decision of Petitioner's federal sentencing court.

IT IS, therefore, on this **28th** day of **October 2010**,

   **ORDERED** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction;[4] and it

---

[3] In Dorsainvil, the Court of Appeals held that the remedy provided by § 2255 is "inadequate or ineffective" (hence, permitting resort to § 2241, a statute without timeliness or successive petition limitations), only where it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.   See In re Dorsainvil, 119 F.3d at 251-52.   The Dorsainvil exception, however, is facially inapplicable to the case at bar.

[4] In light of Petitioner's statement that he challenged his federal sentence at the United States District Court for the Northern District of Iowa (although by means other than filing a Section 2255 motion), this Court finds it not in the interests of justice to construe the Petition as Petitioner's Section 2255 motion, and will not forward it to the United States District Court for the Northern District of Iowa.   However, this Court's decision not to transfer the Petition should not be construed as

is further

   **ORDERED** that the Clerk shall serve a copy of this Memorandum

Opinion and Order upon Petitioner by regular U.S. mail and shall

close the file on this matter.

                                   s/Renée Marie Bumb
                                   **RENÉE MARIE BUMB**
                                   **United States District Judge**

---

barring Petitioner from seeking § 2255 relief from the United
States District Court for the Northern District of Iowa in the
event Petitioner elects to do so.  That being said, no statement
made in this Memorandum Opinion and Order shall be construed as
expressing this Court's opinion that Petitioner's § 2255
challenges are valid (or invalid) either procedurally or
substantively.